1  LAW OFFICE OF BERNARD R. SCHWAM
   Bernard R. Schwam, Esq. SBN-67452
2  bschwam@sbcglobal.net
   16133 Ventura Blvd., Penthouse
3  Encino, CA 91436
   (818) 986-3775, Fax (818) 788-3153
4

5  Attorney for Plaintiff

6

7

8                UNITED STATES DISTRICT COURT

9
                 SOUTHERN DISTRICT OF CALIFORNIA
10

11

12 KATHY EDMONSTON,              CASE NO. '16CV3053 L    BLM

13           Plaintiff,           COMPLAINT FOR DAMAGES
                                  UNDER THE EMPLOYEE
14      v.                        RETIREMENT INCOME
                                  SECURITY ACT
15 ANTHEM LIFE INSURANCE
   COMPANY; AND DOES 1 TO 10,     [29 U.S.C. Section 1132]
16 INCLUSIVE,

17           Defendants.

18

19
        Plaintiff, KATHY EDMONSTON (hereinafter referred to as "Plaintiff"),
20
   complains of Defendants ANTHEM LIFE INSURANCE COMPANY (hereinafter
21
   referred to as "ANTHEM" or "Defendants") and Does 1 to 10, inclusive, as
22
   follows:
23
                         **JURISDICTION AND VENUE**
24
        1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331,
25
   1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement
26
   Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it
27
   involves a claim by Plaintiff for disability benefits under an employee benefit plan
28

regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about February 26, 2016, at which time she was informed that ANTHEM had denied Plaintiff's appeal of the denial of her long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, MENTAL HEALTH SYSTEMS, INC. (hereafter referred to as "MHS") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, San Diego County, residing within the Southern District of the State of California.

7. On information and belief, ANTHEM insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 62, was employed by MHS as a registered nurse. Plaintiff worked for MHS until she became disabled on September 21, 2014.

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

9. Plaintiff's job is considered medium and requires her to work with patients, and sometimes required her to do heavy lifting. Her job requires her to perform injections, and be responsive to medical needs of the patient which include providing proper medications, communicating with doctors, hospitals, etc.

10. Plaintiff first became disabled on September 21, 2014, after falling down and striking her head, suffering a concussion. She complained of vertigo, dizziness, psycho motor retardation, and memory loss. Ultimately she had an EEG which was abnormal and consistent with seizure activity in the right temporal lobe. Subsequently, she became diagnosed with major depression, generalized anxiety disorder and cognitive impairment due to the head injury.

11. After the elimination period of 90 days, Plaintiff received disability benefits from ANTHEM from January 28, 2015 to April 6, 2015, and then, thereafter ANTHEM denied further benefits on November 18, 2015. Thus the denial was within the "own occupation" definition of total disability.

12. MHS's disability plan, under which Plaintiff is covered, defines total disability as being unable to do the material substantial duties of her own occupation.

13. Plaintiff's attending psychiatrist, Dr. Tanaka, diagnosed Plaintiff with major depression, generalized anxiety disorder and cognitive impairment. Dr. Tanaka opined that Plaintiff was unable to perform the duties of her own occupation. This opinion was based, in part, on the fact she was distraught, suicidal and tearful. Also, it was based on her low scores on the MASE on multiple visits. She was on anti-depressants as well.

14. There are entries that illustrate other medical problems suffered by Plaintiff in the claims file of ANTHEM showing memory loss, confusion, word finding problems, overwhelmed easily, difficulty with sequencing tasks, and getting lost while driving.

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

15. Defendants relied on record reviews only and never had Plaintiff examined, although this was provided for in her policy. They also never formally interviewed her or sent her a questionnaire regarding her activities of daily living. Defendants selected Dr. Givens who failed to address the low scores on the Mini Mental Status Exam. Also, Dr. Givens arbitrarily cut off Plaintiff's disability on 4/6/15 without explaining the rationale for that opinion.

## FIRST CLAIM FOR RELIEF

**For Damages and Benefits Against Defendant METLIFE**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

16. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

17. Plaintiff contends that whether or not there is discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

18. As a direct and proximate result of ANTHEM's wrongful denial of LTD benefits, Plaintiff contends that ANTHEM has breached the contract by not paying monthly benefits, payable at a rate of $2,500.00 per month less applicable

offsets. The offsets result in a minimum benefit of $50.00 per month from April 6, 2015 through September 21, 2015. Thereafter, benefits are $2,500.00 per month.

19. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for short and long term disability benefits payable at the rate of $50.00 from April 7, 2015 through September 21, 2015 and thereafter benefits of $2,500.00 per month and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: October 7, 2016       LAW OFFICE OF BERNARD R. SCHWAM


By: /s/ Bernard R. Schwam
    BERNARD R. SCHWAM
    ATTORNEY FOR PLAINTIFF
    KATHY EDMONSTON

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT